JUDGE LINDSAY
delivered the opinion oe the court.
This action is founded on a paper denominated a promissory note drawn by E. E. Cross & Co., payable to the order of themselves, and indorsed in blank to the appellees.
In the case of Muhling v. Sattler (3 Metcalfe, 285) this court held that a paper thus drawn and indorsed did not of itself impose any legal liability upon the maker, and that the utmost effect that could be given to it was that it might evidence the existence of a previous indebtedness of the maker and indorser to the indorsee, when executed with the intent of binding the maker for the payment of such previous indebtedness and on account thereof.
Subsequent to that decision the general assembly, by the 1st section of an act approved Jan. 24, 1866 (Myers’s Supplement, 741), provided “ That whenever a promissory note is made by the obligor payable to himself or to his order, and is signed on the back thereof by the said obligor, and then delivered, such signature and delivery shall operate as a promise to pay the face of the note at maturity to the party to whom the same shall have been delivered, and such party may fill up the blank with words of promise and recover thereon in the same manner as if such party had been named as payee in the note; and such note shall be assignable as are other promissory notes.”
Said section was continued in force by the 13th section of chapter 22 of the General Statutes.
The appellees in this case did not fill up the blank with words of promise, and appellant insists that, on account of their omission in that respect, the paper sued on does not impose a legal liability upon the makers.
It will be observed that the statute provides that the signature on the back of such a note, and the delivery thereof, shall operate as a promise to pay the face of the note at maturity to the party to whom the same shall have been delivered.
*143 The appellees allege, in their petition, that the makers of the note executed, signed, and delivered it to them, and they ask to recover on the promise thus raised by operation of law. That promise certainly constitutes an enforceable obligation, and the petition therefore presents a good cause of action. This construction will not render the last two clauses of the section of the statute under consideration unnecessary and superfluous.
By filling up the blank with words of promise the party to whom such a paper shall be delivered may change the implied promise into a promissory note, and thus not only extend the period of limitation which will bar an action upon it, but convert it into an assignable obligation.
The answer, with the amendment, presents no defense to the action. Pace concedes that he was at one time a member of the firm of R. E. Cross & Co. He says that he withdrew from said firm in May, 1874. The note sued on was executed on the 28th day of April, 1874. He does not claim that the note was falsely dated, nor that it was delivered subsequent to his withdrawal from the firm; nor does he intimate in his pleadings that it was not executed for partnership purposes, nor that it was without consideration.
As to the makers of the note, protest and notice of dishonor were altogether immaterial.
These conclusions obviate the necessity for passing in detail upon the questions of evidence and law raised upon the trial of the cause and upon the motion for a new trial.
We have not noticed the defense to the paragraph of the petition setting out an account against R. E. Cross & Co., nor the defense founded’upon the alleged composition with and the release of R. E. Cross by the appellees, as they were each abandoned by the parties on the trial of the cause.
Judgment affirmed.